JAMES ROSS, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

*Selling liquor to a minor — the fact that the minor is acting for an adult, immaterial.*

The plaintiff in error was convicted of selling liquor to a minor in violation of section 15 of chapter 628 of 1857, as amended by chapter 420 of 1877. The minor, a boy ten years old, testified that he was sent to purchase the liquor by an adult, one Martin, who lived in the house with him, and who furnished the money to buy it; that he brought the liquor to Martin without tasting it; that subsequently Martin gave him a drink, by reason of which he became intoxicated.

*Held,* that the conviction was proper, and that the fact that the boy was acting as agent for an undisclosed principal did not relieve the accused from the penalties imposed by the statute.

Certiorari to the Court of Special Sessions, to review the conviction and sentence of the plaintiff in error of the offence of selling liquor to a minor.

*W. Lindsay*, for the plaintiff in error.

*B. K. Phelps*, for the defendant in error.

*Per Curiam:*

The plaintiff in error was arrested and convicted on a charge of selling liquor to a minor. The complaint was made under the statute of 1877. (Chap. 420, Laws of 1877, p. 478.) Section 1 of that act provided as follows :

Section 1. Section 15 of chapter 628 of the Laws of 1857, entitled " an act to suppress intemperance and to regulate the sale of intoxicating liquors," is hereby amended so as to read as follows :

" § 15. No inn, tavern or hotel keeper, or any other person licensed to sell any strong or spirituous liquors or wines shall, either personally or by his wife, servant, employee or other agent, sell or give any such liquors or wines to any Indian or apprentice, knowing or having reason to believe him to be such, or within the

knowledge of such agent, without the consent of his master or mistress, nor to any minor under the age of eighteen years, without the consent of his father or mother or guardian. Whoever shall, either personally or by his wife, servant, employee or other agent, offend against either of these provisions shall forfeit ten dollars for each and every offence, to be recovered by the master of such apprentice or servant, or by the parent or guardian of such minor. *And any person who shall, either personally or by his wife, servant, employee or other agent, sell or give away any strong or spirituous liquors, ale, beer or wine, to any Indian in this State, or shall sell any beer, ale, wine or any strong or spirituous liquor to any minor under the age of fourteen years, knowing or having reason to believe such minor to be under such age, shall be deemed guilty of a misdemeanor, and on conviction shall be liable to a fine of twenty-five dollars for each and every offence."*

It appears that the complainant, a minor about ten years of age, went to a distillery on Thirty-ninth street, near Ninth avenue, and purchased a quantity of whiskey. He testified that he was sent for the whiskey by one Martin, an adult, who resided in the same house with the boy, and that Martin gave him the money to make the purchase. He further testified that after purchasing the liquor he carried it to Martin, without drinking any on the way, and that after Martin had received it he gave some of it to him to drink. It further appeared that complainant, after drinking it, went out and was found by a police officer in a state of intoxication.

The counsel for the plaintiff in error claims that the sale was to Martin and not to the boy, and that the latter was a mere agent and representative of Martin, and thinks for that reason that the complaint should have been dismissed. In this we think he was decidedly in error.

As properly observed by the learned district attorney, it is an attempt to apply a principal of commercial law to a criminal case. That as the boy was the agent of Martin, therefore, the sale was to Martin as principal. The transaction, however, was between the boy and the prisoner. The liquor was applied for by the boy; delivered to and paid for by him. There was no disclosure at the time of the purchase, that it was to be for any other person.

The object of the statute was to prevent the sale of liquors to

minors indiscriminately. · There might be cases of great emergency in which a sale to a boy, at the suggestion of a physician and for medical purposes, would be justifiable, but the facts in this case show no such emergency. The sale was to a boy, and the consequences of that sale were just those which the statute was designed to prevent, namely, drunkenness.

It would be a plain perversion of the statute to hold that, under circumstances such as are disclosed by the evidence in this case, the seller should be relieved from the penalties imposed.

We think the judgment should be affirmed.

Present — BRADY, P. J., INGALLS and DANIELS, JJ.

Judgment affirmed.